UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DESHAWN ANDERSON-SANTOS
by and through his Next of Friend,
DOMINIQUE ANDERSON,

      Plaintiff,

v.    CASE NO: 21-cv
    HON:

KENT COUNTY, and DEREK LASHAN,
in their individual and official capacities,

      Defendants,

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **DESHAWN ANDERSON-SANTOS, by and through his Next of Friend, DOMINIQUE ANDERSON**, and by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is a resident of the City of Grand Rapids, County of Kent, State of Michigan.

2. Defendant Kent County is a municipal organization and subdivision organized and existing under the laws of the State of Michigan.

3. Defendant Derek Lashan is and or was a correctional officer employed by the Kent County Juvenile Detention Facility; and at all times mentioned herein was acting under color of law, in his individual and official capacities, and within the course and scope of his employment.

4. All events giving rise to this lawsuit occurred in the City of Grand Rapids, County of Kent, State of Michigan.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], and 28 U.S.C. § 1343 [civil rights].

6. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

7. On January 14, 2020, Plaintiff was incarcerated in the Kent County Juvenile Detention Center and was being escorted to his holding cell by Defendant Derek Lashan.

8. On the above date, Plaintiff was standing in the doorway of his holding cell while posing no threat to anyone but was not entering the cell at the pace of which Defendant Derek Lashan desired of him.

9. On the above date, Defendant Derek Lashan forcefully shoved an unsuspecting Plaintiff into his holding cell for no justifiable reason whatsoever.

10. Defendant Derek Lashan's force caused Plaintiff to fall backwards and strike his head against the cement bed in his holding cell.

11. After the incident, Plaintiff was escorted to Kent County Juvenile Detention Center's health services center, where he received medical treatment for his injuries.

12. As a result of Defendants' unlawful actions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

13. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

14. The Due Process Clause of the Fourteenth Amendment prevents the use of excessive physical force and imposes a duty on police officials to take reasonable measures to guarantee the safety of those under their care.

15. Defendant Derek Lashan violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourteenth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

16. At all relevant times herein, Defendant Derek Lashan acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

17. The actions of Defendant Derek Lashan were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourteenth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

18. Defendant Derek Lashan are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourteenth Amendment right to be free from excessive use of force.

19. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant Derek Lashan, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## VIOLATION OF THE EIGHTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

20. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

21. The Eighth Amendment's prohibition of cruel and unusual punishment prohibits the use of excessive force against prisoners.

22. Defendant Derek Lashan violated Plaintiff's federally protected rights by unnecessarily using excessive and/or unreasonable physical force against Plaintiff for no legally justifiable reason whatsoever.

23. No need existed to use force against Plaintiff, as no threat could have been reasonably perceived by Defendant Derek Lashan.

24. Defendant Derek Lashan's use of force could not plausibly have been thought necessary, and instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it will occur.

25. Defendant Derek Lashan's force was unnecessary, deliberate and his actions constituted a wonton infliction of pain to Plaintiff and/or with deliberate indifference to Plaintiff's constitutional rights.

26. The actions taken by Defendant Derek Lashan against Plaintiff did not further any legitimate penal or institutional objective and were not undertaken in a good faith effort to maintain or restore discipline.

27. Defendant Derek Lashan is not entitled to qualified immunity because they violated Plaintiff's clearly established right to be free from excessive use of force.

28. Plaintiff suffered injuries and damages as a result of the unlawful force used against him.

29. At the time of Plaintiff's incarceration, it was clearly established that the Eighth Amendment prohibited the unnecessary and wanton infliction of pain through the use of excessive force on an inmate.

30. Defendant Derek Lashan violated Plaintiff's constitutional rights and therefore, Plaintiff has a viable claim for exemplary damages, compensatory

damages and for punitive damages against Defendants, plus interest, costs, and attorney fees as set forth in 42 U.S.C. §§ 1983 and 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

### COUNT III
### DEFENDANT KENT COUNTY
### CONSTITUTIONAL VIOLATIONS

31. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

32. Defendant Kent County permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights as complained of herein.

33. These customs, practices, and/or policies included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its corrections officers so as to prevent violations of citizens' constitutional rights;

   b. Failing to adequately train and/or supervise corrections officers regarding the proper use of force; and

    c.    Failing to adequately supervise, review, and/or discipline corrections officers whom Defendant Kent County knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its corrections officers to engage in unlawful conduct.

34. Defendant's conduct was so reckless so as to demonstrate deliberate indifference for whether an injury resulted.

35. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

36. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's constitutional rights; and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                                            Respectfully Submitted,
                                            CHRISTOPHER TRAINOR & ASSOCIATES

                                            **s/ Amy J. DeRouin**
                                            CHRISTOPHER J. TRAINOR (P42449)
                                            AMY J. DEROUIN (P70514)
                                            THOMAS P. KERR (P84864)
                                            Attorneys for Plaintiff
                                            9750 Highland Road
                                            White Lake, MI  48386
Dated: June 2, 2021             (248) 886-8650
*AJD/tpk*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

DESHAWN ANDERSON-SANTOS
by and through his Next of Friend,
DOMINIQUE ANDERSON,

    Plaintiff,

v.

KENT COUNTY, and DEREK LASHAN,
in their individual and official capacities,

    Defendants,

CASE NO: 21-cv
HON:

| | |
|---|---|
| <u>CHRISTOPHER TRAINOR & ASSOCIATES</u><br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## **DEMAND FOR JURY DEMAND**

**NOW COMES** Plaintiff, **DESHAWN ANDERSON-SANTOS, by and through his Next of Friend, DOMINIQUE ANDERSON**, and by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                                    Respectfully Submitted,
                                    CHRISTOPHER TRAINOR & ASSOCIATES

                                    **s/ Amy J. DeRouin**_____
                                    CHRISTOPHER J. TRAINOR (P42449)
                                    AMY J. DEROUIN (P70514)
                                    THOMAS P. KERR (P84864)
                                    Attorneys for Plaintiff
                                    9750 Highland Road
                                    White Lake, MI  48386
                                    (248) 886-8650
                                    amy.derouin@cjtrainor.com

Dated: June 2, 2021
*AJD/tpk*