UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN ANDERSON-SANTOS,

    Plaintiff,

v.

COUNTY OF KENT, et al.,

    Defendants.
_____/

Case No. 1:21-cv-453

HON. JANE M. BECKERING

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 1983, Plaintiff Deshawn Anderson-Santos filed this action against Defendants Kent County and Derek Leshan, a corrections officer employed at the Kent County Juvenile Detention Center (KCJDC). Plaintiff's action arises from his allegation that Defendant Leshan pushed him on January 14, 2020, when Plaintiff was incarcerated at the KCJDC. Plaintiff alleged an excessive force claim against Defendant Leshan under the Fourteenth Amendment (Count I) and, alternatively, the Eighth Amendment (Count II), and Plaintiff alleged a *Monell*[1] claim against Kent County (Count III). Defendants moved for summary judgment, and the matter was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (R&R) recommending that this Court deny Defendants' motion as to Plaintiff's excessive force claim against Leshan and grant the motion as to Plaintiff's claim against Kent County. The matter is presently before the Court on Defendants' three objections to the Magistrate Judge's recommendation that their motion be denied as to Defendant Leshan. Plaintiff filed a response to

---

[1] *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978).

Defendants' objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge analyzed Plaintiff's excessive force claim under the more demanding Eighth Amendment standard (R&R, ECF No. 83 at PageID.866), a decision with which the parties do not take issue. As set forth by the Magistrate Judge, a claim alleging an excessive use of force under the Eighth Amendment has two components: (1) an objective component, which requires the "pain inflicted to be 'sufficiently serious'" to offend "contemporary standards of decency"; and (2) a subjective component, which asks "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm" (R&R, ECF No. 83 at PageID.867, quoting *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citation omitted), and *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)). Defendants do not dispute that the Magistrate Judge correctly set forth the requisite two-prong showing, only her application of the standard to the pretrial record relevant to the claim against Defendant Leshan, including her analysis of Leshan's assertion of a qualified immunity defense.

***Objective Component.*** First, Defendants argue that the Magistrate Judge did not properly analyze the objective component of Plaintiff's Eighth Amendment excessive force claim (Objs., ECF No. 84 at PageID.877). Defendants argue that a reasonable jury could not conclude that Leshan's "single one-hand push," which resulted in a "dime-sized cut," was offensive to contemporary standards of decency (*id.* at PageID.880, 882). Defendants emphasize that federal district courts routinely hold that "a single push, shove, punch, or blow by a prison guard simply does not rise to constitutional dimensions," and Defendants argue that it was error for the

Magistrate Judge not to follow this line of cases (*id.* at PageID.880–882, quoting *Neal v. Miller*, 778 F. Supp. 378, 383 (W.D. Mich. 1991) (citing cases therein)). Defendants acknowledge that *Neal* was decided after an evidentiary hearing, but Defendants argue that the procedural posture of *Neal* is "legally insignificant" (*id.* at PageID.881).

Defendants' argument fails to demonstrate any error in the Magistrate Judge's analysis. The Magistrate Judge properly declined to rely on the proposition stated in *Neal* because *Neal* was decided at a juncture in the litigation where the magistrate judge was tasked with weighing the evidence and witness credibility and making findings of fact and conclusions of law (R&R, ECF No. 83 at PageID.871 n.4). The procedural posture is legally significant. Unlike the court's task following an evidentiary hearing, the function of the court in resolving a motion for summary judgment is *not* "'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In doing so, the court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in [the nonmoving party's] favor," *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citation omitted), with the ultimate inquiry being "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law,'" *id.* (quoting *Anderson*, 477 U.S. at 251–52). The Magistrate Judge in this case properly determined that on the pretrial record before her, a question of fact remains as to the amount of force that Defendant Leshan used where Defendants characterize the push as "de minimis," but Plaintiff testified that he "was pushed hard on the chest

and fell backwards" (R&R, ECF No. 82 at PageID.868–870, quoting Pl. Dep., ECF No. 62-4 at PageID.271).[2] Defendants' first objection is properly denied.

***Subjective Component.*** Second, Defendants challenge the Magistrate Judge's analysis of the subjective component of Plaintiff's Eighth Amendment excessive force claim (Objs., ECF No. 84 at PageID.883). Defendants argue that unlike the case cited by the Magistrate Judge, *Payne v. Parnell*, 246 F. App'x 884, 887 (5th Cir. 2007) (finding sufficient evidence from which a jury could infer that the defendant acted maliciously and sadistically in unnecessarily and wantonly inflicting pain on the plaintiff, despite the defendant's claim that he acted only "jokingly"), there are "no facts that would support a jury conclusion that Leshan acted maliciously or sadistically with the intent to hurt Plaintiff" (*id.* at PageID.884, referencing R&R, ECF No. 83 at PageID.870). Defendants argue that the Magistrate Judge also "erroneously failed to take into account its own finding and the undisputed fact that at the time of the incident Plaintiff was standing on a slippery, polished concrete floor in regular socks which did not have slip-resistant strips on the soles" (*id.* at PageID.885).

Defendants' argument again fails to demonstrate any error in the Magistrate Judge's analysis. Regarding the subjective prong, the Magistrate Judge determined that the circumstantial evidence, while not overwhelming, was a sufficient basis from which a jury could infer that the incident was, contrary to Defendant Leshan's claim, "not a joke" (R&R, ECF No. 83 at PageID.870). The Magistrate Judge did not "fail to take into account" the evidence supporting Defendant Leshan's version of events but determined that the evidence in the record, taken as a

---

[2] Indeed, before the evidentiary hearing was conducted in *Neal*, the motions for summary judgment were likewise denied based on "the existence of genuine issues of material fact." *Neal*, 778 F. Supp. at 379.

whole, was not so one-sided that Leshan was entitled to judgment as a matter of law. Defendants' second objection is properly denied.

***Qualified Immunity.***   Last, Defendants challenge the Magistrate Judge's qualified immunity analysis (Objs., ECF No. 84 at PageID.886). Defendants argue that Leshan is entitled to qualified immunity because (1) Plaintiff cannot establish a constitutional violation for the reasons Defendants previously stated, and (2) Plaintiff has come forward with no established precedent providing Leshan with notice that the alleged force he used in this case violated Plaintiff's Eighth Amendment rights (*id.* at PageID.887). The Magistrate Judge decided that Leshan was not entitled to qualified immunity because of the issues of fact (R&R, ECF No. 83 at PageID.872). Because the Court determines that Defendants have not identified any error in the Magistrate Judge's analysis of Plaintiff's claim against Defendant Leshan, Defendants' argument concomitantly reveals no error in her qualified immunity analysis.

Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 84) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 83) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED**, for the reasons stated in the Report and Recommendation, that the Motion for Summary Judgment (ECF No. 61) is DENIED IN PART as to Defendant Leshan and GRANTED IN PART as to Defendant Kent County. Defendant Kent County is TERMINATED from this case.

Dated:  February 21, 2023                             /s/ Jane M. Beckering
                                                                          JANE M. BECKERING
                                                                          United States District Judge