UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN ANDERSON-SANTOS,

    Plaintiff,                                Hon. Jane M. Beckering

v.                                                  Case No. 1:21-cv-453

COUNTY OF KENT, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is presently before me for a report and recommendation on Plaintiff's Motion to Compel Acceptance of Fully Executed Settlement Agreement, Enforce Settlement, and for Sanctions. (ECF No. 133.) Defendant has responded, arguing that the Court should deny the motion and instead enforce the Settlement Agreement without Plaintiff's counsel's annotation stating that Plaintiff's counsel will not be bound by the terms of the Settlement Agreement. (ECF No. 135.) Having reviewed both parties' filings and supporting exhibits, pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DENY** Plaintiff's motion in full and enforce the Settlement Agreement as agreed to by the parties without the annotation added by Plaintiff's counsel.[1]

**I. Background**

Plaintiff initiated this action on June 2, 2021, pursuant to 42 U.S.C. § 1983 against Defendants Derek Lashan and Kent County based on events that occurred at the Kent County

---

[1] Although Plaintiff and Defendants have both requested oral argument, I conclude that oral argument is unnecessary as the parties' briefs and attachments fully develop and address the issues. W.D. Mich. LCivR 7.2(d)

1

Juvenile Detention Center on January 14, 2020. (ECF No. 1.) Defendants filed a motion for summary judgment, which the Court granted as to the County but denied as to Defendant Lashan. (ECF No. 87.) Defendant Lashan then appealed the denial of qualified immunity to the Sixth Circuit, which dismissed the appeal for lack of jurisdiction. (ECF Nos. 89, 95.) Thereafter, the parties prepared for trial. They also participated in a settlement conference on June 4, 2024, which resulted in further negotiations. (ECF No. 112.) On July 29, 2024, the parties reached a settlement during a continued settlement conference. The agreement called for execution of a written Settlement Agreement. (ECF No. 131; ECF No. 133 at PageID.1892; ECF No. 135 at pageID.1913.)

On August 2, 2024, Defendants' counsel sent Plaintiff's counsel a draft Settlement Agreement, which included signature lines for the parties and their counsel. In response, Plaintiff's counsel sent Defendants' counsel a revised version of the Settlement Agreement with suggested revisions. The revised version contained all of the original signature lines. In the morning and afternoon on August 6, 2024, the parties exchanged emails regarding proposed revisions, which did not address the signature lines for the parties' counsel. At 5:26 p.m. that day, Plaintiff's counsel agreed to the final revisions, stating, "We will revise and send to our client." (ECF No. 135-1 at PageID.1921.) Defendants' counsel responded with a request that Plaintiff's counsel provide Defendants' counsel a final revised version to send to the County for final approval. (*Id.*) Plaintiff's counsel sent the final revised draft to Defendants' counsel at 5:29 p.m. The Settlement Agreement included all of the signature lines for the parties and their counsel, without any language limiting the effect of the signatures. (*Id.* at PageID.1920–21.)

On August 8, 2024, the County's representative signed the Settlement Agreement. (ECF No. 135-2 at PageID.1924.) On August 9, 2024, at 7:07 a.m., Plaintiff's counsel asked Defendants' counsel whether he could send the Settlement Agreement to Plaintiff to sign. At 10:03 a.m.,

Defendants' counsel responded that the County had signed the Settlement Agreement and agreed to provide Plaintiff's counsel the County's executed agreement and to forward Defendant Lashan's signed copy when counsel received it. (ECF No. 135-1 at PageID.1920.) On August 13, 2024, Plaintiff signed the Settlement Agreement, which contained a signature line for his counsel without any limitation or annotation. (ECF No. 135-3 at PageID.1926.) On August 16, 2024, Defendant Lashan signed the Settlement Agreement. (ECF No. 135-2 at PageID.1923.) That day and again on August 20, 2024, Defendants' counsel requested that Plaintiff's counsel sign the Settlement Agreement and provide it to Defendants' counsel. On August 20, 2024, Plaintiff's counsel sent Defendants' counsel a signed Settlement Agreement containing the following handwritten notation next to Plaintiff's counsel's signature: "I have explained the terms to my client and will not be legally bound by these terms as I am his attorney only." (ECF No. 135-4.)

Plaintiff filed the instant motion after Defendants refused to accept the Settlement Agreement containing Plaintiff's counsel's annotation to his signature.

## II. Discussion

It is well established that a trial court possesses "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (internal quotation marks omitted); *see also Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282–83 (6th Cir. 1986) ("This circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it. . . ."). The validity of an agreement is not predicated on the execution of a written document. "When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement." *RE/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001); *see also Anschutz v. Radiology Assocs. of Mansfield, Inc.*, 827 F. Supp.

3

1338, 1343 (N.D. Ohio 1993) ("The case law indicates that a settlement agreement may be enforced even where the agreement has not been arrived at in the presence of the Court nor reduced to writing." (citations omitted)). It is also within a court's inherent power to direct a party to execute and deliver settlement documents that reflect an agreed resolution of the case. *Jaynes v. Austin*, 20 F. App'x 421, 426 (6th Cir. 2001) ("The district court simply directed Defendant to sign forms of the General Releases limited to terms that the parties previously bargained for and incorporated into the mediated Settlement Agreements to dispose of the case. This order was within the inherent power of the district court to enforce the Settlement Agreements while the action was before it."). Before enforcing a settlement agreement, however, the court must determine that an agreement has been reached on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

There is no dispute that in the present case the parties reached an agreement on all of the material terms of a settlement, which included the execution of a Settlement Agreement. The draft that Defendants' counsel initially circulated included signature lines for the parties and their counsel. While the parties engaged in negotiations over certain provisions of the draft Settlement Agreement, primarily the confidentiality provision, there is no indication that Plaintiff's counsel ever objected to the signature line or insisted that an annotation or limitation for his signature be included until he unilaterally included the limitation when he signed the Settlement Agreement almost two weeks after the parties had agreed on a final version. The parties' email exchanges, as well as their conduct in executing the final version of the Settlement Agreement that contained no annotation or limitation on counsel's signatures, demonstrates that the parties and their counsel agreed to a final version of the Settlement Agreement that included signature lines for counsel without any sort of limiting language. (ECF No. 135-2 at PageID.1923–214; ECF No. 135-3 at PageID.126.) Plaintiff fails to cite any evidence suggesting that he or his counsel insisted on

4

limiting language during the parties' negotiations concerning the agreement. Accordingly, Plaintiff's counsel's after-the-fact attempt to alter the agreed-upon form of the agreement must be rejected.

Finally, there is no basis for an award of sanctions. That would be true even if Plaintiff's motion to compel acceptance had merit because Defendants reasonably asserted that the disputed limitation on counsel's signature was not part of their agreement.

## Conclusion

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's Motion to Compel Acceptance of Fully Executed Settlement Agreement, Enforce Settlement, and for Sanctions (ECF No. 133), and enforce the Settlement Agreement without Plaintiff's counsel's annotation stating that Plaintiff's counsel will not be bound by the terms of the Settlement Agreement by directing Plaintiff's counsel to provide a signature without the disputed language.

Dated: October 1, 2024    /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).